UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARC BETTINGER,

        Plaintiff,
vs.

WELLS FARGO BANK, N.A.,

        Defendant.
_____/

**COMPLAINT**

      **COMES NOW,** the Plaintiff, MARC BETTINGER, by and through undersigned counsel, and brings this action against the Defendant, WELLS FARGO BANK, N.A. ("WELLS FARGO"), and as grounds thereof would allege as follows:

**INTRODUCTION**

    1.      This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

    2.      The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and RESPA's implementing regulations.

**JURISDICTION**

    3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4.	Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5.	Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

**PARTIES**

6.	At all times material hereto, Defendant, WELLS FARGO was and is a National banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act, duly licensed to transact business in the State of Florida, with a principal address of 420 Montgomery St., San Francisco, CA 94163, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

7.	Upon information and belief, America's Servicing Company is a division of what was formally known as Wells Fargo Home Mortgage, Inc. Upon information and belief, Wells Fargo Home Mortgage, Inc. merged with and into Wells Fargo Bank, N.A. Thus, for ease of reference, America's Servicing Company, Wells Fargo Home Mortgage, Inc., and Wells Fargo Bank, N.A. will be referred to as WELLS FARGO.

8.	At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County.

9.	At all times material hereto, WELLS FARGO, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** NW 58 Ct., Parkland, Florida 33076-1831.

**BACKGROUND AND GENERAL ALLEGATIONS**

10. The mortgage loan at issue is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

11. In April 2015, Plaintiff retained Loan Lawyers, LLC, ("Loan Lawyers") to defend a foreclosure action against him.

12. Upon review of various mortgage statements, Plaintiff had specific inquiries regarding his escrow account and an "Unpaid adv. Bal" account.

13. In an effort to utilize the protections afforded to consumers by Congress, on or about May 6, 2015, Loan Lawyers—on behalf of Plaintiff—mailed to WELLS FARGO a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). WELLS FARGO received Plaintiff's RFI on or about May 10, 2015. A copy was provided to WELLS FARGO's counsel.

14. A true and correct copy of same is attached as Exhibit "A".

15. Plaintiff's RFI asked WELLS FARGO, *inter alia*, to: (1) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement"); (2) provide a complete pay history for the life of the loan; and (3) provide a breakdown of the negative escrow balance as well as the over $18,000.00 owed under a "Unpaid adv. Bal" account including any documentation that would support the charges.

16. WELLS FARGO, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

17. WELLS FARGO, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days of receiving Plaintiff's RFI, which included

the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

18. On May 12, 2015, WELLS FARGO sent Plaintiff's counsel a written acknowledgment stating "We expect to complete our research and provide you with the results on or before 05/26/2015."

19. On May 26, 2015, WELLS FARGO sent a correspondence to Plaintiffs' counsel with a payoff statement and a pay history. There were various charges for "FC PROP. INSPECT", "FC ATTORNEY FEE", insurance, and taxes. There was also a fee for a tax penalty, and Plaintiff is unsure why this should be his responsibility if WELLS FARGO failed to timely pay the taxes as the loan is escrowed. No supporting documentation for any of the charges was accompanied.

20. A true and correct copy of same is attached hereto as Exhibit "B".

21. As such, on June 1, 2015, Plaintiff's counsel sent WELLS FARGO's counsel a follow up correspondence.

22. No supporting documentation has since been provided.

23. As a result, WELLS FARGO has failed or refused to provide an adequate response to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

24. If WELLS FARGO did not believe it was required to provide certain information, then whatever information it deemed proprietary, or otherwise, should have been memorialized in writing pursuant to 12 C.F.R. § 1024.36(f)(2).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

25. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 24.

26. Section 6, Subsection (k) of RESPA states in relevant part:

**(k) Servicer prohibitions**
**(1) In general**

> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

27. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

28. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

29. WELLS FARGO has failed to or refused to comply with 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that WELLS FARGO did not provide a compliant response to a request for information within the required timeframe.

30. As such, WELLS FARGO has violated 12 U.S.C. § 2605(k)(1)(E).

31.     Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

32.     Plaintiff is entitled to actual damages as a result of Defendant, WELLS FARGO's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to WELLS FARGO's failure to adequately respond to Plaintiff's RFI. *See* <u>Almquist v. Nationstar Mortg., LLC</u>, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); <u>Marais v. Chase Home Finance, LLC</u>, 24 F.Supp.3d 712 (S.D. Ohio 2014)(the court, on remand, finding that actual damages encompass costs incurred in mailing QWR and "all expenses, costs, fees, and injuries" attributable to servicer's failure to appropriately respond to QWR); <u>Cortez v. Keystone Bank, Inc.</u>, 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); <u>Rawlings v. Dovenmuehle Mortg., Inc.</u>, 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

33.     Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of WELLS FARGO's pattern or practice of noncompliance with Regulation X and RESPA.

34.     WELLS FARGO has also violated Regulation X with respect to loan numbers: ******9342, ******4135, ******6937, and ******7573.

35.     Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, MARC BETTINGER, respectfully asks this Court to enter an order granting judgment for the following:

(a) That WELLS FARGO be required to provide the information requested in Plaintiff's RFI;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MARC BETTINGER, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786